## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

|  |  |
|---|---|
| Patricia Chavez,<br><br>           Plaintiff,<br><br>vs.<br><br>Financial Recovery Services, Inc. and<br>LVNV Funding, LLC,<br><br>           Defendants.<br>_____ | Case No. _____<br><br><br>**Complaint for Damages and**<br>**Declaratory Relief**<br>**Demand for Jury Trial** |

### NATURE OF ACTION

1.      Plaintiff Patricia Chavez ("Plaintiff") brings this action against Defendant Financial Recovery Services, Inc. ("FRC") and Defendant LVNV Funding, LLC, ("LVNV") (collectively "Defendants") under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

### JURISDICTION AND VENUE

2.      This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.      Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendants transact business in this district.

### PARTIES

4.      Plaintiff is a natural person who at all relevant times resided in the State of New Mexico, County of Bernalillo, and City of Albuquerque.

5.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.      Defendant FRC is an entity which all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

7.      FRC is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8.      Defendant LVNV, is an entity who acquires debt in default merely for collection purposes, and who at all relevant times was engaged in the business of attempting to collect a debt from Plaintiff.

9.      LVNV is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

10.     Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt.

11.     Plaintiff's obligation, or alleged obligation, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, a personal Capital One Bank (USA), N.A. ("Capital One") credit card account (the "Debt").

12.     FRC uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

13.     LVNV purchases debts once owed or once due, or asserted to be once owed or once due a creditor.

14.     LVNV acquired Plaintiff's Debt when it was allegedly in default.

15.     LVNV retained FRC to collect the Debt from Plaintiff on its behalf.

16.     In connection with the collection of the Debt, FRC, on behalf of itself and LVNV, sent Plaintiff a letter dated March 26, 2015.

17.     A true and accurate copy of FRC's March 26, 2015 letter is attached to this complaint as Exhibit A.

18.     FRC's March 26, 2015 letter was its initial communication with Plaintiff with respect to the Debt.

19.     The March 26, 2015 letter asserted the balance of the Debt was $2,198.87. *See* Exhibit A.

20.     In its March 26, 2015 letter, FRC also stated: "Because of interest that may vary from day to day, the amount due on the day you pay may be greater."

21.     Subsequently FRC, on behalf of itself and LVNV, sent Plaintiff a letter dated May 26, 2015.

22.     A true and accurate copy of FRC's May 26, 2015 letter is attached to this complaint as Exhibit B.

23.     The May 26, 2015 letter asserted the balance of the Debt identical to the balance asserted in the March 26, 2015 letter at $2,198.87.  *See* Exhibit B.

24.     FRC sent subsequent collection letters to Plaintiff on June 22, July 9, and July 22, 2015.

25.     True and accurate copies of FRC's June 22, July 9, and July 22, 2015 letters are attached to this complaint as Exhibits C, D, and E, respectively.

26.     Each letter from FRC asserted that the balance of the Debt was $2,198.87. *See* Exhibits C, D, and E.

27.     In addition, the itemization of interest remained the same throughout the letters.

28.     At the time it sent its March 26, 2015 letter, Defendants knew, or should have known, that interest would not accrue on the Debt.

29.     Upon information and belief, Capital One knowingly and intentionally waived the right to continue to collect interest on the Debt when it charged off the Debt.

30.     When LVNV acquired the Debt from Capital One, it acquired it subject to the same rights and obligations of Capital One.

31.     In the alternative, LVNV waived the right to assess interest, as evidenced by the amount of the Debt allegedly owed remaining the same from March 26, 2015 through July 22, 2015.

32.     Because Defendant's March 26, 2015 letter indicated that the amount of the debt was subject to increase over time, the least sophisticated consumer could infer a false time constraint and feel compelled to pay the alleged amount sooner in order to avoid paying a greater amount.

33.     However, because the Debt was not actually subject to increase due to accrued interest, Defendant's letters had the capacity to mislead the least sophisticated consumer.

34.     Alternatively, if interest had accrued on the Debt, each of Defendant's letters beginning on May 22, 2015, all falsely represented the amount of the Debt by failing to accurately state the balance inclusive of interest.

35.     Additionally, in each letter sent from FRC to Plaintiff, under the reference to the original creditor, Capital One, the letters stated: "Regarding: North Star Capital Acquisition." *See* Exhibits A-E.

36.     By placing "Regarding: North Star Capital Acquisition" below the original creditor, FRC's letters had the capacity to confuse the least sophisticated consumer about the identity of either the current or original creditor.

**COUNT I**
**VIOLATION OF 15 U.S.C. § 1692e**
**FRC**

37.     Plaintiff repeats and re-alleges each and every factual allegation above.

38.     The FDCPA forbids the use of false, deceptive, or misleading representations or means in connection with the collection of a debt. 15 U.S.C. § 1692e

39.     FRC violated 15 U.S.C. § 1692e by stating that the debt was subject to increase when, in fact, the debt was not subject to increase.

40.     In the alternative, if Plaintiff's Debt did increase between March 26, 2015 and July 22, 2015, FRC falsely representing the character, amount, or legal status of Plaintiff's Debt.

41.     FRC further violated 15 U.S.C. § 1692e by referencing North Star Capital Acquisition which could confuse the least sophisticated consumer about the identity of the current or original creditor.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that FRC violated 15 U.S.C. § 1692e;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e
## LVNV

42. Plaintiff repeats and re-alleges each and every factual allegation above.

43. FRC violated 15 U.S.C. § 1692eas detailed above.

44. LVNV, by virtue of its status as a "debt collector" under the FDCPA, is liable for the conduct of FRC—the debt collector it retained to collect on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that LVNV violated 15 U.S.C. § 1692e;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d)   Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e)   Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f)   Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

45.      Plaintiff is entitled to and hereby demands a trial by jury.

Dated: December 15, 2015

Respectfully Submitted,

s/Anita M. Kelley
Anita M. Kelley
Law Office of Anita M. Kelley
1121 Fourth Street NW, Suite 1-A
Albuquerque, NM 87102
akelley@consumerlawinfo.com
(505) 750-0265

Co-counsel with Thompson Consumer Law Group, PLLC

5235 E. Southern Ave., D106-618
Mesa, AZ 85206